IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK HIRT; WARREN RICH;
RYAN SMITH; RYAN CONNER;
and LUCIOUS RAY,

        Plaintiff,

    v.

JACKSON COUNTY; JACKSON COUNTY
CIRCUIT COURT JUDGES; TIMOTHY
GERKING; BEN BLOOM; DAVID HOPE;
KELLY RAVASSIPOUR; LAURA CROMWELL;
LISA GREIF; and TIM BARNACK,

        Defendants.

Case No. 1:19-cv-00887-AC

ORDER TO DISMISS

HERNÁNDEZ, Chief Judge.

*Pro se* Plaintiff Patrick Hirt, an adult in custody at the Jackson County Jail (hereafter referred to as "AIC Hirt"), purports to bring this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and four other adults in custody. Pursuant to an Order entered this date, the court granted AIC Hirt's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses AIC Hirt's Amended Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

AIC Hirt initiated this action by filing a Complaint identifying himself as the sole plaintiff. Plaintiff subsequently filed an Amended Complaint purporting to add four additional plaintiffs, adults in custody Warren Rich, Ryan Smith, Ryan Conner, and Lucious Roy. Only AIC Hirt, however, signed the Complaint, and only AIC Hirt submitted an application to proceed *in forma pauperis*.[1]

The Amended Complaint names as defendants: Jackson County, the "Judges of Jackson County Circuit Courts," and eight individual Jackson County Circuit Court judges (referred to hereafter collective as "the Jackson County Circuit Court Judges"). The Amended Complaint is a 73-page narrative of how the Jackson County Circuit Court addresses booking, arraignment, and bail consideration hearings of adults in custody. The Amended Complaint alleges the Jackson County Circuit Court judges utilize a wealth-based detention scheme to refuse pre-trial release to impoverished pre-trial detainees in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. By way of remedy, the Amended Complaint seeks declaratory and injunctive relief.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] Attached to the Amended Complaint are declarations from each of these inmates detailing their experiences in the Jackson County Circuit Court, but none of them signed the Amended Complaint. AIC Hirt also seeks certification of class action status on behalf of all adults held in pre-trial custody in Jackson County.

against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

#### A. Prolix Complaint

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *cf.* Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be

3 - ORDER TO DISMISS

simple, concise, and direct"). The 73-page Amended Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

### B. Representing Other Adults in Custody

As noted, plaintiff purports to bring this action on behalf of four other adults in custody, and also seeks class certification. *Pro se* litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other individuals. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear *in propria persona* in his behalf, that privilege is personal to him." *Id*. (citations omitted).

In addition, it is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D. D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit.

Moreover, in any event, generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out

of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). However, actions brought by multiple *pro se* prisoners present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release from custody, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. Moreover, even if multiple prisoner plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of all plaintiffs, since plaintiffs are not permitted to sign documents on the other's behalf. *See* Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").

Further, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action, each plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the

5 - ORDER TO DISMISS

federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). Thus, in order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

Therefore, to avoid the problems related to case-management and filing fees, permissive joinder of the additional four named adults in custody as co-plaintiffs in this action is denied. Accordingly, this action will proceed with AIC Hirt as the sole plaintiff, and the claims of Warren Rich, Ryan Smith, Ryan Conner, and Lucious Ray are dismissed without prejudice.

**II.     Substantive Deficiencies**

    **A.     Judicial Immunity**

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Additionally, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory

relief was unavailable"). Therefore, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice[.]" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). Instead, the law is clear that judicial immunity is overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity[;]" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

It is clear from the Amended Complaint that the Jackson County Circuit Judges' actions in presiding over arraignments and bail release determinations were taken in their judicial capacity. Further the Amended Complaint does not allege any facts demonstrating that the Judges' actions were taken in the complete absence of all jurisdiction. Accordingly, the defendant Jackson County Circuit Judges are absolutely judicially immune from this § 1983 action.

### B.     Abstention

The Civil Rights Act, 42 U.S.C. § 1983, may not be used as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal actions absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018). *Younger* abstention is required if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Where all three elements are met, the court must dismiss the federal action because it lacks the discretion to grant relief. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Salmons v. Oregon*, Case No. 1:17-cv-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("[w]hen a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory action" as well as a § 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, the Amended Complaint alleges violation of due process and equal protection rights ultimately resulting in the denial of release on bail. Accordingly, *Younger* abstention is appropriate. *See Clark v. Lassen Cnty Justice Court*, 967 F.2d 585, at *1 (9th Cir. 1992) (*sua sponte* dismissing federal civil action challenging state court's bail determinations as frivolous pursuant to [former] 28 U.S.C. § 1915(d) as barred by *Younger*); *see also Rivera v. Gore*, Case No. 3:17-cv-02225-WQH-NLS, 2018 WL 1001252, at *6 (S.D. Cal. Feb. 21, 2018) (*sua sponte* dismissing pretrial detainee's § 1983 claims requesting the reduction of bail on *Younger* abstention grounds).

### C.  Habeas Corpus as the Appropriate Remedy

Finally, when a pretrial detainee challenges a bail determination, the Supreme Court and Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant

a conditional writ of habeas corpus). Under Oregon law, an accused in custody pending trial may challenge a circuit court's bail decision by a state petition for writ of habeas corpus. *See Rico-Villalobos v. Giusto*, 339 Or. 197, 203 (2005) (state habeas corpus action is a permissible means for a defendant to challenge the trial court's denial of his request for pretrial release).

Although the Amended Complaint is styled as a § 1983 action, the claims allege due process and equal protection violations in relation to bail. These allegations fall within the core of habeas corpus because they challenge the fact or duration of confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Accordingly, the Amended Complaint must be dismissed.

## **CONCLUSION**

Based on the foregoing, the Court DISMISSES the Amended Complaint. Because it is clear that the deficiencies of the Amended Complaint cannot be cured by amendment to state a claim upon which relief may be granted under 42 U.S.C. § 1983, leave to file a Second Amended Complaint is not granted. The dismissal is without prejudice to the right to pursue appropriate state and federal remedies. Because AIC Hirt has not established extraordinary circumstances, the court DENIES his Motion for Appointment of Counsel (ECF No. 3). All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 11 day of June, 2020.

Marco A. Hernández
Chief United States District Judge

9 - ORDER TO DISMISS